**MICHELLE BETANCOURT**
California State Bar No. 215035
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467, Ext. 3714
Facsimile: (619) 687-2666
michelle_betancourt@fd.org

Attorneys for Mr. Gonzalo Navarro-Flores

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JANIS L. SAMMARTINO**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>GONZALO NAVARRO-FLORES,<br><br>　　　　　　　Defendant. | CASE NO. 08CR0137-JLS<br><br>DATE: July 11, 2008<br>TIME: 1:30 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTIONS. |

**I.**

**FACTS RELEVANT TO MOTIONS**[1]

According to information provided by the government, on December 20, 2002, an immigration judge (IJ) ordered Mr. Navarro-Flores removed from the United States. See Exhibit A (Order of the Immigration Judge). Before Mr. Navarro-Flores's removal hearing, in a Notice to Appear (NTA), the immigration service (the Service) alleged that Mr. Navarro-Flores had suffered three convictions: two for Battery on a Non-Cohabitating Spouse in violation of California Penal Code Section 243(e)(1) and one for Fraud to Obtain Aid in violation of California Welfare and Institutions Code section 10980(c). See Exhibit B (Notice to Appear). As Mr. Navarro-Flores was a Legal Permanent Resident (LPR) at the time, these convictions, according to the Service, rendered Mr. Navarro-Flores removable as an immigrant admitted to the United States who had "been convicted of two or more crimes involving moral turpitude, not arising out

---

[1] The following is based on information provided by the government. Mr. Navarro-Flores does not admit the accuracy of the information and reserves the right to challenge its accuracy.

1  of a single scheme of criminal conduct, regardless of whether confined therefor and regardless of whether

2  the convictions were in a single trial." Id.

3        It appears that Mr. Navarro-Flores' alleged convictions for battery on a non-cohabitating

4  spouse, or domestic violence convictions along with the alleged fraud charge, and the IJ's belief that the

5  convictions qualified as an "crimes of moral turpitude" were the sole basis for the IJ's order removing Mr.

6  Navarro-Flores.

7        Mr. Navarro-Flores' deportation spanned several hearings.  During the final hearing, the

8  Service alleged in an additional charge that he was removable for having suffered a second domestic

9  violence conviction and a fraud conviction.  Mr. Navarro-Flores denied the fraud and the grounds for

10 removability but the IJ found that Mr. Navarro-Flores was in fact subject to removal as charged in the NTA,

11 for having suffered a two or more crimes involving moral turpitude.  The IJ found that "he had no alternative

12 but to remove him" and that no other relief was available."  The IJ ordered Mr. Navarro-Flores removed to

13 Mexico.

14       **II.**

15 **MOTION TO DISMISS INDICTMENT DUE TO AN INVALID DEPORTATION**

16 **A.     Summary of Argument.**

17       Mr. Navarro-Flores was not removable for having suffered "two or more crimes involving

18 moral turpitude."  The alleged convictions for which Mr. Navarro-Flores was removed—battery on a non-

19 cohabitating spouse in violation of California Penal Code section 243(e)(1)—are not categorically "crimes

20 involving moral turpitude."  By characterizing these domestic violence convictions as "crimes involving

21 moral turpitude," the IJ presiding over Mr. Navarro-Flores' removal hearing both wrongfully removed Mr.

22 Navarro-Flores from the country and mis-advised him as to his eligibility for relief.  Under Ninth Circuit

23 law, this renders Mr. Navarro-Flores's removal hearing fundamentally unfair.  The government may not

24 therefore use Mr. Navarro-Flores's 2002 removal as a basis for its prosecution under 8 U.S.C. § 1326.  As

25 there is no other removal order on which the government may rely, Mr. Navarro-Flores requests that this

26 Court dismiss the indictment against him.

27

28

1  **B.     Battery on a Non-Cohabitating Spouse Is *Not* Categorically a "Crime involving Moral Turpitude."**
2

3        During Mr. Navarro-Flores's immigration proceedings, the immigration service alleged that
4  Mr. Navarro-Flores had been convicted of two convictions for domestic violence, "in violation of Section
5  243(e)(1) of the California Penal Code." See Exhibit B (Notice to Appear). These alleged convictions,
6  along with the fraud charge, were the ultimate basis for the immigration service's effort to remove Mr.
7  Navarro-Flores from the country. See id.

8        In order for a crime to qualify as one involving moral turpitude it must fall into two basic
9  categories: "those involving fraud and those involving grave acts of baseness or depravity." Galeana-
10 Mendoza v. Gonzales, 465 F.3d 1054, 1058 (9th Cir. 2006). Here, as the Ninth Circuit has held, California
11 Penal Code section 243(e)(1) does not fall into the category involving fraud nor does it qualify "crime
12 categorically involving moral turpitude" because it "lacks an injury requirement and includes no other
13 inherent element evidencing 'grave acts of baseness or depravity.'". Id. at 1061.

14       Based on these convictions, it can only be discerned that the IJ found that Mr. Navarro-Flores
15 had suffered an "two or more crimes involving moral turpitude" and was thus removable. See Exhibit B
16 (Notice to Appear). The IJ was wrong.

17       **C. Mr. Navarro-Flores's Removal Hearing Was Fundamentally Unfair.**

18       As discussed above, Mr. Navarro-Flores' convictions for battery on a non-cohabitating spouse
19 are not categorically a "crime involving moral turpitude." As Mr. Navarro-Flores was ordered removed from
20 the United States for "having suffered two or more crimes involving moral turpitude," Mr. Navarro-Flores'
21 removal was violative of due process, thus fundamentally unfair, and cannot serve as the basis for a
22 prosecution under 8 U.S.C. § 1326.

23       "A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right
24 to collaterally attack his removal order because the removal order serves as a predicate element of his
25 conviction." United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047 (9th Cir. 2004) (citing United States
26 v. Mendoza-Lopez, 481 U.S. 828, 837-38 (1987)). To "sustain a collateral attack under § 1326(d), a
27 defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative
28 remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which

the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." Id.; see also Camacho-Lopez, 450 F.3d at 930 (quoting, in part, United States v. Pallares-Galan, 359 F.3d 1088, 1095 (9th Cir. 2004)).

### 1. Mr. Navarro-Flores is exempt from § 1326(d)'s exhaustion requirement.

Following his 2002 removal hearing, Mr. Navarro-Flores did not seek administrative review of the IJ's order of removal. Normally, a defendant charged with violating § 1326 who wishes to collaterally challenge his removal must have exhausted any administrative remedies available to him. See 8 U.S.C. § 1326 (d)(1). Ninth Circuit law makes clear, however, that such a waiver is invalid if it was influenced by an IJ's mis-advisal. Ubaldo-Figueroa, 364 F.3d at 1049; Ortiz-Lopez, 385 F.3d at 1204 n.2; United States v. Ahumada-Aguilar, 295 F.3d 943 (9th Cir. 2002).

Here, the IJ misinformed Mr. Navarro-Flores as to his eligibility for relief from removal. Specifically, the IJ mis-informed Mr. Navarro-Flores that "no other relief was available." In a similar context, the Ninth Circuit has excused a defendant from exhausting his administrative rights because of an IJ's mis-advisal that he (the defendant) was removable as an "aggravated felon." Camacho-Lopez, 450 F.3d at 930. As was the case in Camacho-Lopez, and due to the IJ's error, Mr. Navarro-Flores is excused from § 1326 (d)'s exhaustion requirement.

### 2. Mr. Navarro-Flores was denied judicial review.

Similarly, the IJ's failure to inform Mr. Navarro-Flores of his eligibility for relief from removal deprived him of an opportunity to seek judicial review of the IJ's removal order. A defendant seeking to collaterally challenge a deportation under § 1326(d) normally must show that he was improperly denied the opportunity for judicial review. See 8 U.S.C. § 1326(d)(2). An IJ's failure to inform a person of their eligibility for relief from removal satisfies the requirement that a defendant be denied his opportunity to seek judicial review. Camacho-Lopez, 450 F.3d at 930; Ubaldo-Figueroa, 364 F.3d 1042, 1047; Ortiz-Lopez, 385 F.3d at 1204 n.2. In a similar context, the Ninth Circuit has held that a defendant was denied judicial review because of an IJ's mis-advisal that he (the defendant) was removable as an "aggravated felon." Camacho-Lopez, 450 F.3d at 930. As in Camacho-Lopez, and due to the IJ's error, Mr. Navarro-Flores was effectively denied judicial review.

//

**3. Mr. Navarro-Flores's removal was fundamentally unfair**.

To successfully challenge the government's use of a prior removal in a § 1326 prosecution, a defendant must show that the entry of that removal order "was fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An underlying removal order is 'fundamentally unfair' if: '(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" Ortiz-Lopez, 385 F.3d at 1204 (quoting United States v. Zarate-Martinez, 133 F.3d 1194, 1197 (9th Cir. 1998)).

**i. Mr. Navarro-Flores's removal violated due process.**

An IJ violates a person's due process rights by failing to inform him or her of their eligibility for relief from removal. Camacho-Lopez, 450 F.3d at 930; Ubaldo-Figueroa, 364 F.3d 1042, 1047; Ortiz-Lopez, 385 F.3d at 1204 n.2. Here, as in Camacho-Lopez, the IJ's error violated Mr. Navarro-Flores's due process rights by mis-advising Mr. Navarro-Flores. See Camacho-Lopez, 450 F.3d at 930.

**ii. Mr. Navarro-Flores suffered prejudice at his removal hearing.**

Mr. Navarro-Flores suffered prejudice as a result of this due process violation. Similar to the case in Camacho-Lopez, the Immigration Service proceeded against Mr. Navarro-Flores' based on convictions that did not qualify as crimes categorically involving moral turpitude. "Thus, [Mr. Navarro-Flores] was removed when he should not have been and clearly suffered prejudice." Camacho-Lopez, 450 F.3d at 930 (emphasis in original).

**D.    Summation**.

Mr. Navarro-Flores's due process rights were violated at his removal hearing in 2002. He suffered prejudice as a result of that due process violation. The government may not therefore use Mr. Navarro-Flores's 2002 removal as a basis for its prosecution under 8 U.S.C. § 1326. As there is no other removal order on which the government may rely, Mr. Navarro-Flores requests that this Court dismiss the indictment against him.

//

//

//

//

## III.

## **CONCLUSION**

Mr. Navarro-Flores requests this Court grant his motions.

Respectfully submitted,

Dated: June 30, 2008

*/s/ Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Navarro-Flores
michelle_betancourt@fd.org