# EXHIBIT

# A

IMMIGRATION COURT
606 SOUTH OLIVE ST., 15TH FL.
LOS ANGELES, CA 90014

In the Matter of

NAVARRO-FLORES, GONZALO                Case No.: [redacted]
Respondent
                                       IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Dec 20, 2002. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[X] The respondent was ordered removed from the United States to Mexico or in the alternative to

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to alternative to

[ ] Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $ _____ with an alternate order of removal to

[ ] Respondent's application for asylum was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for withholding of removal was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn or ( ) other.

[ ] Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper notice.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

Date: Dec 20, 2002
Appeal: Waived (Reserved)  Appeal Due By: 1/21/03

                                    JOHN D. TAYLOR
                                    Immigration Judge

RL9

42

# EXHIBIT

# B

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

---

**In removal proceeding under section 240 of the Immigration and Nationality Act**

File No: **A92 087 862**

In the Matter of:

Respondent: **Mr. Gonzalo NAVARRO - Flores**
AKA: Gonzalo Navarro FLORES;

**Mira Loma Facility 45100 N. 60th St. W Lancaster, CA 93536**
(Number, Street, City, State and Zip Code)                    (Area Code and Phone Number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but deportable for the reasons stated below.

The Service Alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of Mexico and a citizen of Mexico;
3. On February 23, 1990, your status was adjusted to that of a Permanent Resident pursuant to the legalization provisions of the Immigration and Nationality Act, as amended;
4. You were, on August 10, 1999, convicted in the California Municipal Court at Orange County for the offense of Battery on Noncohabitating Spouse, in violation of Section 243(e)(1) of the California Penal Code.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law.

Section 237(a)(2)(E)(i) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who at any time after entry has been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

☐ This notice is being issued after an Asylum Officer has found that the respondent has demonstrated a credible fear of persecution

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an Immigration Judge of the United States Department of Justice at:
**DATE, TIME, AND PLACE TO BE SET**
(Complete Address of Immigration Court, including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
   (Date)        (Time)
charge(s) set forth above.

_____
Officer in Charge
(Signature and Title of Issuing Officer)

Date: October 15, 2001                       Santa Ana, California
                                              (City and State)

**See reverse for important information**

Form I-862(Rev. 4-1-97)



See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceeding.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witness presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during the proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the Immigration Judge in your absence, and you may be arrested and detained by the INS.

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an Immigration Judge.

_____ (Signature of respondent) Gonzalo Navarro

Before: _____ (Signature and Title of INS Officer)   Date: 10-15-01

**Certificate of Service**

This Notice to Appear was served on the respondent by me on 10-15-01 (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[✓] in person    [ ] by certified mail, return receipt requested    [ ] by regular mail

[ ] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act

_____ (Signature of Respondent if personally served)    _____ (Signature and Title of Officer)

S73

U.S. Department of Justice
Immigration and Naturalization Service

**Additional Charges of admissibility/Deportability**

In:  ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

In the Matter of:

Alien/Respondent: <u>Gonzalo NAVARRO-Flores aka Gonzalo Navarro FLORES</u>

File No: **A92 087 862**    Address:

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who at any time after admission, has been convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☒ in addition to ☐ in lieu of those set forth in the original charging document:

5. You were on September 7, 2000, convicted in the Superior Court of California, County of Orange, North Justice Center, for the offense of Battery on a Non-Cohabitating Spouse, in violation of Section 243(e)(1) of the California Penal Code.

6. You were on June 23, 1994, convicted in the Municipal Court of California, City of Fullerton, for the offense of Fraud to Obtain Aid, in violation of California Welfare & Institutions Code section 10980(c).

Dated: 10/9/02

_Donna Levita_
(Signature of Service Counsel)

Form I-261(Rev. 4/1/97)N

101

4